# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> V. <br> **GALACION CANO RIOS, JR.** | **ORDER OF DETENTION PENDING TRIAL** <br><br> Case Number: 1:11-CR-348 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
- ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 36-year-old charged with two drug felonies, each carrying a minimum sentence of not less than 10 years. Although defendant is a citizen of the United States, his parents and some family live in Durango, Mexico, and he has traveled there as recently as October 2011. Defendant's wife is a Mexican citizen, lawfully in the United States. He has been employed for over two years installing sprinklers. Since his release from the Bureau of Prisons in 2005 and his early termination from supervised release in 2008, defendant has used cocaine approximately 2 to 3 times a year. Defendant's prison term resulted from a 2000 conviction for possessing more than 5 kilograms of cocaine (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community or the presence of the defendant based upon the unrebutted presumption. This finding is primarily based on the discovery that defendant is again involved in large scale drug trafficking of the type that led to his last conviction. This time, however, he faces mandatory minimum sentences, as well as possible life imprisonment. Flight would be easy because of his many connections (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: January 6, 2012 | /s/ Hugh W. Brenneman, Jr. <br> *Signature of Judicial Officer* <br> Hugh W. Brenneman, United States Magistrate Judge <br> *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:11-cr-00348-JTN ECF No. 12 filed 01/06/12 PageID.24 Page 2 of 2

United States v. **GALACION CANO RIOS, JR.**
1:11-CR-348
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

with the intent to distribute it, for which he received a sentence of 108 months. Over $100,000 was seized from his residence at that time.

The present prosecution results from a fortuitous interception of 14 kilograms of cocaine and 13.9 kilograms of marijuana due to a canine interdiction of drug transporting scheme. This led to defendant's residence being searched, and 12.9 kilograms of cocaine was found along with several kilograms of marijuana and $95,000 in cash. Ammunition for an assault weapon was also found.

**Part II - Written Statement of Reasons for Detention** - (continued)

with Mexico. It is also apparent defendant has access, as in the past, to large amounts of money. Thus, the presumption has not been rebutted, but even apart from the presumption, the government has met its burden of proof that there are no conditions that will assure the defendant will not continue to traffic in drugs as he has apparently done twice now, and the government has shown by a preponderance of the evidence that no conditions will assure defendant's appearance for trial in light of the strong case against him, the substantial penalties now in play, and the ease of flight.